**In the Matter of Gregory L. CALDWELL.**

No. 29S00–9712–DI–686.

Supreme Court of Indiana.

Aug. 2, 1999.

Duge Butler, Jr., Indianapolis, IN, for the Respondent.

Donald R. Lundberg, Executive Secretary, Robert C. Shook, Staff Attorney, Indianapolis, IN, for The Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

PER CURIAM.

The Indiana Supreme Court Disciplinary Commission charged the respondent, Gregory L. Caldwell, in two counts, with violating the *Rules of Professional Conduct for Attorneys at Law.* This case is now before us for approval of a *Statement of Circumstances and Conditional Agreement for Discipline* entered into by the parties pursuant to Ind. Admission and Discipline Rule 23, Section 11(c), in resolution of this matter. Our jurisdiction here is a result of the respondent's admission to this state's bar on September 25, 1968. Upon review, we find that the tendered agreement should be accepted and approved.

■ Under **Count I** the parties agree and we find that a client hired the respondent in December, 1991, to represent him in a dispute over the value of a business the client had purchased. The parties reached a settlement in the fall of 1995 for $47,500. Pursuant to a contingent fee agreement entered into with the respondent and other attorneys representing the client, the respondent was to receive 20% of the gross settlement. The client's other counsel was to receive another 20% of the gross settlement plus litigation expenses. After other counsel deducted their fees and expenses, the respondent received a check issued to him and the client for $36,783.13. The client authorized the respondent to deduct other expenses, totaling $2,560.87, from these funds. Additionally, the client directed the respondent to pay certain debts of the client from the client's share. According to this instruction, the respondent did make a $3,213 payment to one creditor on October 24, 1995.

The client had also authorized respondent to pay $6,000 to another of the client's creditors. Despite telephone requests and a letter to the respondent from the client with instructions to make the $6,000 payment on or before December 31, 1995, the respondent failed to make the payment. Only after the client filed a grievance with the Indiana Supreme Court Disciplinary Commission on January 22, 1996, did the respondent make the requested payment on June 10, 1997.

The charges under this count allege that the respondent violated Ind. Professional Conduct Rule 1.2(a) [1], by failing to abide by a client's instructions to pay a debt owed by the client out of funds held by respondent; Prof.Cond.R. 1.3 [2], by failing to act with reasonable diligence and promptness in representing the client; Prof.Cond.R. 1.4(a) [3], by failing to keep the client reasonably informed and failing to comply promptly with the client's reasonable requests for information; and Prof.Cond.R. 1.15(b) [4], by failing to deliver promptly to a creditor funds of the client pursuant to the client's instructions. We conclude that the foregoing agreed facts clearly and convincingly establish that the respondent engaged in the misconduct and violated the *Rules of Professional Conduct* as charged.

■ As to **Count II,** the parties agree and we find that in November, 1989, a client hired the respondent to represent the client

1. Indiana Professional Conduct Rule 1.2(a) provides, among other things, that a lawyer shall abide by a client's decisions concerning the objectives of representation and shall consult with the client as to the means by which they are to be pursued.

2. Professional Conduct Rule 1.3 provides that a lawyer shall act with reasonable diligence and promptness in representing a client.

3. Professional Conduct Rule 1.4(a) provides that a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

4. Professional Conduct Rule 1.15(b) provides:

Upon receiving funds or other property in which the client or third person has an interest, a lawyer shall promptly notify the client or third person. Except as stated in this rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property.

in an eviction and collection proceeding against the client's tenants. In a particular case, the respondent filed a notice of eviction on behalf of the client on August 21, 1990. The respondent obtained possession of the property for the client and an agreed judgment of $608 plus costs of $30. The judgment was to be satisfied with a payment of $308 on September 14, 1990 and $330 on September 28, 1990. In January of 1991, the client terminated respondent's services and sometime later hired another law firm.

After his discharge, the respondent failed to withdraw his appearance as attorney of record for the client in various matters pending in court, including the matter noted above. The judgment in the matter outlined above was paid on October 12, 1993. Because the respondent's appearance was still on file for the client, the clerk of the court sent the proceeds of the judgment to the respondent. The respondent failed to notify the client of the receipt of these funds. Around October 13, 1993, through its new attorney, the client learned that the above judgment had been paid. Upon further inquiry and a meeting with the respondent, the client and its successor counsel also learned that the respondent still had in his possession 45 to 50 files from cases in which he had previously represented the client. Further, the client learned that the respondent was still attorney of record for many of these cases.

The respondent offered to remit 40% of the retained judgment to the client and to retain the remaining 60% as his fee. The client, however, refused. The client requested a list of all files still in the respondent's possession and a statement for services rendered. The respondent and the client's successor counsel exchanged several letters, trying to resolve the dispute. In this exchange of letters, the respondent provided a partial

list of accounts he had filed on behalf of the client but not a complete one.

Count II charges that, by his aforesaid conduct, the respondent violated Prof. Cond.R. 1.16(a) [5] by failing to withdraw as attorney of record after he had been discharged; Prof. Cond.R. 1.16(d) [6] by failing to surrender papers and property to which the client was entitled; and Prof.Cond.R. 1.15(b) [7] by failing promptly to notify the client that he had received funds on behalf of the client, to deliver such funds to the client and to make a complete accounting. We conclude that the respondent engaged in the charged misconduct and violated the *Rules of Professional Conduct.*

The respondent's misconduct in failing to transmit promptly funds as directed by the client in Count I is troubling. It is compounded by the misconduct set out in Count II. Such actions are clearly improper and subject to appropriate discipline.

■ Based upon the agreed facts, the Commission and the respondent propose that the respondent's conduct warrants a public reprimand. Among the factors this Court weighs when considering an appropriate disciplinary sanction are mitigating and aggravating circumstances. *Matter of Christoff and Holmes,* 690 N.E.2d 1135 (Ind.1997). In the present case, the parties agree on a number of mitigating factors. The respondent has been engaged in the general practice of law since 1968 with no prior professional disciplinary actions. The disputes with both clients have been resolved with no further money owed to the clients. The incidents in these complaints occurred over a period of time in which the respondent was under personal stress due to his divorce and the death of his father. Finally, respondent has acknowledged and accepted full responsibility for his actions. The foregoing mitigat-

---

**5.** Professional Conduct Rule 1.16(a) provides, among other things, that a lawyer shall withdraw from the representation of a client if the lawyer is discharged.

**6.** Professional Conduct Rule 1.16(d) provides that, upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing

time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

**7.** *See Supra* note 4.

ing factors and the agreed nature of this resolution convince us that the proposed sanction of public reprimand adequately addresses this Court's concerns and the relative severity of respondent's misconduct.[8]

It is, therefore, ordered that Gregory L. Caldwell is hereby reprimanded and admonished for his misconduct.

The clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to provide the clerk of the United States Court of Appeals for the Seventh Circuit, the clerk of each of the United States District Courts in this state, and the clerk of each of the United States Bankruptcy Courts in this state with the last known address of the respondent as reflected in the records of the clerk.

Costs are assessed against the respondent.

---

8. Admission and Discipline Rule 23(11) provides that it is the intent of the rule to encourage

appropriate agreed disposition of disciplinary matters.